**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

IN RE:

CASES ASSIGNED TO
JUDGE MICHAEL L. BROWN

# STANDING ORDER REGARDING CIVIL LITIGATION

This case has been assigned to Judge Michael Lawrence Brown. Judge Brown provides this Standing Order to establish policies, procedures, and practices for efficient case resolution. This order—together with the Local Rules of this Court and the Federal Rules of Civil Procedure—governs this case and supersedes any prior standing orders.

## a. Contacting Chambers

Jessica Kelley, the Courtroom Deputy Clerk, is your principal point of contact on matters related to this case. Communications with Ms. Kelley should be via email or in writing addressed as follows:

Honorable Michael L. Brown
ATTN: Jessica Kelley
Courtroom Deputy Clerk
1942 United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309
Jessica_Kelley@gand.uscourts.gov

If a telephone call is necessary, you may reach Ms. Kelley at 404-215-1535 (direct dial). Please note that Ms. Kelley is often in the courtroom, so telephone messages may not be returned for 24 hours. Neither the parties nor their counsel should discuss the merits of a case

with Ms. Kelley or any of the Court's law clerks. Neither Ms. Kelley nor the law clerks will provide the parties (or their counsel) with information about when the Court will issue a ruling in their case.

**b. Generative Artificial Intelligence Certification**

Given the increasing use of generative AI in researching and drafting legal documents, Judge Brown requires all parties appearing before him—through counsel or pro se—to certify at the end of any filing that:

> (1) No generative AI was used in the drafting or preparation of the filing (including in any research for the filing); or
>
> (2) If generative AI was used in the drafting or preparation of the filing, that any portion of the filing influenced by AI was personally reviewed by the filer (either the pro se party who filed the document or counsel for the filing party) for accuracy and that all legal citations reference actual, non-fictitious cases or cited authority and accurately reflect the contents of such authority.

The AI Certification shall not count against any page limitations. Filings without the AI Certification do not comply with this order and may be stricken without substantive consideration and without leave to amend.

**c. Diversity Jurisdiction**

"Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." *Palmer Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994). To demonstrate diversity, a party must "distinctly and affirmatively" present the facts required to establish the citizenship of each party. *Patterson v. Lake City Nursing & Rehab., LLC*, 2026 WL 1166278, at *1 (11th Cir. Apr. 29, 2026). "Alleging that a party is not a citizen of a particular state does not properly allege the party's citizenship." *Vance v. Doue & Co LLC*, 2025 WL 4035317, at *3 (S.D. Fla. Mar. 18, 2025); *see AFC Franchising, LLC v. Purugganan*, 2021 WL 1541511, at *1 (11th Cir. Apr. 6, 2021) ("[A] blanket assertion . . . that unidentified members are *not* citizens of a particular state is insufficient.").

The facts required to establish a party's citizenship depend on what kind of entity the party is. The party asserting diversity jurisdiction must carefully research which facts are required for which parties before seeking to invoke the Court's jurisdiction.

To establish the citizenship of an individual, a party must identify the state in which the individual is domiciled, which is the state in which the individual both resides and intends to remain indefinitely. *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). Alleging that an individual resides in a state, without more, is not enough to establish the citizenship of that individual. *Id.* ("Residence alone is not enough."); *see Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.").

To establish the citizenship of a corporation, a party must identify the state in which the corporation is incorporated and the state in which the corporation has its principal place of business. 28 U.S.C. § 1332(c)(1); *see Hunt v. Nationstar Mortg., LLC*, 782 F. App'x 762, 768 (11th Cir. 2019) ("A corporation is a citizen of its state of incorporation as well as the state in which it has its principal place of business.").

To establish the citizenship of a limited liability company ("LLC") or other unincorporated artificial entity, a party must identify each member of the LLC or other unincorporated entity by name and entity type and then provide whatever specific facts are required under the law to establish the citizenship of each member. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021–22 (11th Cir. 2004) ("the citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization," and thus "a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens" and "a limited liability company is a citizen of any state of which a member of the company is a citizen"); *CityPlace Retail, LLC v. Wells Fargo Bank N.A.*, 2021 WL 3486168, at *2–3 (11th Cir. July 15, 2021) (party must establish "the identity and citizenship" of each LLC member). When an unincorporated entity "is composed of multiple layers of constituent

entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court." *RES-GA Creekside Manor, LLC v. Star Home Builders, Inc.*, 2011 WL 6019904, at *3 (N.D. Ga. Dec. 2, 2011); *see CityPlace Retail, LLC*, 2021 WL 3486168, at *3 ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.").

Specific jurisdictional rules also establish the citizenship of parties representing an estate, a minor, or an "incompetent." An estate takes on the citizenship of the decedent—not the citizenship of the legal representative of the estate—so the party must allege the decedent's domicile at the time of death. 28 U.S.C. § 1332(c)(2); *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1170 (11th Cir. 2007) ("Where an estate is a party, the citizenship that counts for diversity purposes is that of the decedent, and she is deemed to be a citizen of the state in which she was domiciled at the time of her death."). A party asserting a claim as the "legal representative" of a minor or "incompetent" takes on "only" the citizenship of the minor or "incompetent." 28 U.S.C. § 1332(c)(2).

### d. Text-Searchable Filings

Counsel must file all documents in text-searchable form, meaning the Court must be able to use the ctrl+F function to locate electronically any text in the document. The Court may strike or decline to consider any attorney-filed document (or portion thereof) that fails to comply with this requirement.

### e. Motions for Temporary Restraining Order or Preliminary Injunction

Any request for a temporary restraining order or preliminary injunctive relief must be made by motion. A request for a temporary restraining order or preliminary injunction found only in the complaint will not be considered. If a party seeks expedited consideration of any motion for a temporary restraining order or preliminary injunctive relief, the party must present that request both in a motion and in an email to Ms. Kelley. The Court may not provide expedited consideration unless

the party complies with this instruction.

**f. Extensions of Time**

The Court generally will grant a party's request to extend a deadline—including a discovery deadline—only if the party could not reasonably have anticipated that the circumstances purportedly justifying an extension would arise. The extension request must be made promptly after the party discovers the circumstances justifying the extension. The request must indicate whether opposing counsel consents and must set forth a specific timetable for the completion of the tasks for which the extension is sought. If a request to extend a discovery deadline is opposed, the parties must follow the process outlined below regarding the resolution of discovery disputes. The Court may deny any extension request that does not comply with these instructions.

**g. Discovery Disputes**

Counsel or pro se litigants must meet and confer—by telephone or in person—in a serious good faith effort to resolve any discovery dispute before bringing the dispute to the Court. *See* Fed. R. Civ. P. 26(c), 37(a)(1); LR 37.1A, NDGa. The duty to confer is not satisfied by sending a written document—such as a letter or email—to the adversary, unless repeated attempts to confer by telephone or in person are unsuccessful due to the conduct of the adversary.

If the parties cannot resolve their dispute, they shall electronically file on the docket a Joint Statement Regarding Discovery Dispute, using the "Notice of Filing" event, outlining their positions on each of the discovery items in dispute. The statement shall not exceed three pages, single-spaced, in a font accepted by the Local Rules. The parties must attach as an exhibit to their statement the specific portions of any relevant discovery requests and responses in dispute. The parties must certify compliance with the Court's meet-and-confer requirement and include an explanation of how the parties satisfied that obligation. The certificate of compliance shall not count against the page limit.

After reviewing the dispute, the Court will determine whether the dispute can be resolved on the papers or whether a conference is necessary and will notify the parties accordingly. All discovery conferences will be recorded by a court reporter. If a party fails to participate fully in the discovery-dispute process required by this order, the Court may resolve the discovery dispute in the opposing party's favor on that basis alone.

Parties must submit discovery disputes to the Court via this process—and obtain the Court's permission to engage in formal motion practice—before filing any motion regarding discovery issues, including (but not limited to) a motion to compel, to quash, for a protective order, or for sanctions.

If any party has a discovery dispute with a nonparty (*e.g.*, regarding a subpoena), the party and the nonparty must follow these instructions, and the party must promptly inform the nonparty of this discovery-dispute policy.

If a bona fide dispute arises during a deposition that the parties cannot resolve despite a serious good faith effort to do so, counsel may call the Court for guidance.

### h. Motions to Seal, Confidentiality Agreements, and Protective Orders

The Court strongly disfavors motions to seal and will not grant them absent a compellingly clear and obvious reason to do so. A party should think twice—frankly, many times more than twice—and confer with opposing counsel if appropriate before asking the Court to seal a document or any portion thereof. If after due consideration a party continues to believe sealing is both necessary as a practical matter and warranted under applicable law, the party may file a motion to seal in accordance with Section II(J) of Appendix H to the Local Rules (which addresses "Filing Documents Under Seal in Civil Cases").

Parties must include the following language in any proposed confidentiality agreement or protective order submitted for the Court's

consideration:

> Any document, material, or other information designated as entitled to protection under this order or agreement may be permanently sealed on the docket only by order of the Court and only in compliance with Section II(J) of Appendix H to the Local Rules.

The Court may deviate from Section II(J) of Appendix H to the Local Rules in any case without prior notice.

**i. Close of Discovery**

All discovery must be initiated to ensure that answers and responses to the discovery are due before the close of discovery. The Court will not enforce side agreements to conduct discovery beyond the end of the discovery period, and the Court will not compel responses to discovery requests that were not initiated in time for responses to be made before discovery ends.

The Court will not permit the taking of depositions for the preservation of testimony after the close of discovery, absent a good faith reason to do so. A party must request the Court's permission to conduct a preservative deposition.

**j. Expert Testimony**

Parties should not file a motion to exclude expert testimony until after summary judgment unless necessary for the resolution of summary judgment.

**k. Motions Generally**

1. Dispositive Motions: Meet and Confer Requirement

All parties shall meet and confer before filing any dispositive motion to discuss thoroughly the substance of the contemplated motion (including its legal and factual bases), the substance of the opposing

party's response (including its legal and factual bases), and any potential resolution. The parties should discuss the issues sufficiently so that if a dispositive motion must be filed, briefing is directed only at those substantive issues requiring resolution by the Court. The parties should resolve procedural or other non-substantive matters during the meet and confer. If the contemplated motion seeks summary judgment, the discussion should be thorough enough for the movant to meaningfully identify and address all material facts in its opening papers, and thorough enough to prevent the opposing party from ambushing the movant with unforeseeable theories or material facts in response.

All dispositive motions shall include a certification stating that the parties have complied with these instructions. The certificate of compliance shall not count against any page limitations. The Court may strike or deny—without leave to amend—any motion that does not include the required certification.

2. Page Limit Extensions

The Court generally will not grant requests to extend a page limit. Parties seeking an extension of the page limit must do so at least five days in advance of their filing deadline and should explain with specificity the reasons necessitating the extension. If a party files a motion to extend the page limit at the same time his or her brief is due, the extension request will be denied absent a compelling and unanticipated reason for violating this rule. The Court may strike a document that exceeds the applicable page limit (without leave to refile) or decline to consider any material presented in the unauthorized pages.

3. Proposed Orders

A movant must file with any motion a proposed order granting the motion.

4. Multiple Plaintiffs or Multiple Defendants

If multiple plaintiffs in the same case intend to file a dispositive motion (such as a motion for summary judgment), they shall file a single

consolidated motion rather than separate motions, absent a particularized showing of good cause and prior leave of the Court.

If multiple defendants in the same case intend to file a dispositive motion (such as a motion to dismiss, a motion for judgment on the pleadings, or a motion for summary judgment), defendants shall file a single consolidated motion rather than separate motions, absent a particularized showing of good cause and prior leave of the Court. Where defendants are served at different times or otherwise have different answer deadlines, defendants may file a motion requesting a single motion-to-dismiss deadline for all defendants or—if a single deadline would be impractical or cause unreasonable delay—a motion requesting relief from this rule.

5. Citations

Citations to the record and to legal authority in a brief must be included in the body of the brief, rather than in footnotes. When a party cites to a document already filed on the docket, the party must cite the docket entry number of that document (rather than the name of the document) and the CM/ECF-stamped page number (rather than the internal page number).

6. Arguments

To raise an argument for the Court's consideration, a party must—in the body of the argument section of the party's brief—plainly and prominently assert the argument, thoroughly flesh out the argument, cite particularized authority in support of each prong of the argument (citations to cases or provisions that stand for high-level principles, like *Iqbal*/*Twombly* or a Federal Rule of Civil Procedure, are not enough), and cite any specific portions of the record on which the argument relies. The Court may disregard any arguments that do not comply with these instructions, including—for the avoidance of doubt—arguments raised in footnotes and arguments purporting to incorporate by reference portions of other filings. The Court may also disregard any arguments asserted in a reply brief that were not first presented in the party's opening brief or that are not permissibly

responsive to the opposing party's opposition brief. The Court, in evaluating a party's argument, will focus on the portions of the record cited in support of that specific argument and may decline to consider other portions of the record—even relevant portions—cited elsewhere in the party's briefing.

7. Responses

When a party files a motion, an opposing party must file a response—and must do so timely—pursuant to Local Rule 7.1(B). Failure to comply may result in sanctions without further notice, including granting the motion, dismissing the case, or entering default against the nonresponding party. To the extent a sanction of dismissal or judgment is functionally with prejudice for any reason—including due to the expiration of the statute of limitations—the Court will assume the sanctioned party intends or acquiesces to that result.

Moreover, if a party does not file a timely response to a nondispositive motion, the Court will construe the party's nonresponse as consent or acquiescence to the relief sought—and as intentional abandonment of any substantive right to prevent the requested relief—and may grant the motion on those grounds alone. If a party does not file a timely response to a motion to dismiss or a motion for judgment on the pleadings, the Court will construe the party's nonresponse as consent or acquiescence to the relief sought—and as intentional abandonment of the challenged claims—and may grant the motion on those grounds alone.

If a party files a timely response to *any* motion (even a summary judgment motion) but fails to address any portion of that motion, the Court will apply the above presumptions about consent, acquiescence, and intentional abandonment, and may grant the unaddressed portion of the motion on those grounds alone. For example, if a defendant moves for judgment or dismissal with respect to Claims 1, 2, and 3, and plaintiff addresses only Claims 1 and 2 in response, the Court may grant the motion with respect to Claim 3 on the theory that plaintiff consents or acquiesces to that result and has intentionally abandoned the claim. Or if a defendant says dismissal of a claim is proper for Reasons 1, 2, and

3, and plaintiff addresses only Reasons 1 and 2 in response, the Court may grant the motion under Reason 3 for the same reasons stated above.

The Court recognizes Local Rule 7.1(B) says only that the "[f]ailure to file a response shall indicate . . . there is no opposition to the motion." LR 7.1(B), NDGa. This standing order goes further. It puts the parties on notice that the Court will interpret their nonresponse as an expression of consent, acquiescence, and intentional abandonment, and that the Court may grant the movant's requested relief on those grounds alone, even if doing so results in a with-prejudice dismissal or judgment.

8. Objections to a Report and Recommendation

A party's objections to a magistrate judge's report and recommendation ("R&R") must cite—including by page number—to the specific portions of the R&R to which the party objects. The objections must also comply with the above rules about page extensions, citations, and how to present arguments for the Court's consideration.

If multiple defendants object to an R&R, they must file their objections in a single consolidated brief rather than separate briefs, absent a particularized showing of good cause and prior leave of the Court. The same goes for multiple plaintiffs who object to an R&R.

The Court may disregard any objections that do not comply with these instructions.

## I. Summary Judgment

1. Statement of Undisputed Facts

Local Rule 56.1 says a movant for summary judgment must file a statement of undisputed facts that (1) is separate, (2) is concise, (3) numbers each fact separately (one fact per numbered paragraph), and (4) contains a specific citation to evidence—including page or paragraph number—for each asserted fact. LR 56.1(B)(1), NDGa. This is the only way a movant may establish the facts upon which it seeks summary judgment. Again, one fact per numbered paragraph.

2. Response to Statement of Undisputed Facts

Local Rule 56.1 says a respondent must file a separate response to the movant's statement of undisputed facts that contains (1) individually numbered, (2) concise, (3) nonargumentative responses (4) corresponding to each of the movant's numbered facts. LR 56.1(B)(2)(a)(1), NDGa. These numbered responses must (1) admit the movant's asserted fact, (2) directly refute the fact with a concise response supported by specific citations to evidence (including page or paragraph number), (3) object on admissibility grounds, (4) point out that the movant's cited evidence does not support the asserted fact, (5) point out that the movant's fact is not material, or (6) point out that the movant's presentation of the fact does not otherwise comply with Local Rule 56.1. LR 56.1(B)(2)(a)(2), NDGa. These are the only permissible responses.

A response to a movant's statement of facts is not the place for introducing facts—even material facts—that do not "directly refute" the movant's facts. LR 56.1(B)(2)(a)(2), NDGa. (That can only be done in respondent's statement of additional facts under Local Rule 56.1(B)(2)(b).) Nor is it the place for substantive legal arguments or lengthy soliloquies on the evidence. (That can only be done in respondent's opposition brief.) The Court may disregard *in full* any individually numbered response that fails to comply with these requirements. For example, if an individually numbered response includes facts that do not directly refute the movant's corresponding fact, the Court may disregard the individually numbered response in its entirety even if it also includes facts that *do* refute the movant's fact. The Court will not tolerate a kitchen-sink approach to the Local Rule 56.1 process.

If an individually numbered response claims evidence directly refutes the movant's fact, the response must concisely state any refuting facts embedded in that evidence (followed by a pincite to the evidence). If the evidence contains more than one refuting fact, the response must concisely state each refuting fact (followed by a pincite) in numbered subparts (one fact per subpart). So, for example, if movant's fact number

5 states "the temperature was 100 degrees Fahrenheit in Atlanta on Monday," an individually numbered response might read as follows:

***5. The temperature was 100 degrees Fahrenheit in Atlanta on Monday.***

*Response: This fact does not include a specific citation to supporting evidence, in violation of Local Rule 56.1(B)(1). Moreover, other evidence directly refutes the fact as follows:*

a. *The temperature in Atlanta was 30 degrees Fahrenheit on Monday. (Dkt. 55 at 14.)*

b. *It snowed in Atlanta on Monday. (Dkt. 70 at 2.)*

c. *The pond next to Plaintiff's Atlanta home was frozen on Monday. (Dkts. 60-1 at 111; 73 at 26.)*

If an individually numbered response objects to the admissibility of the evidence underlying the movant's asserted fact, the response must note the objection in a single sentence and then cite (including by page number) to the respondent's response brief for an explanation of the objection. The sentence must say something simple like "Respondent objects to the admissibility of [the relevant evidence] on [the applicable grounds] as argued on [page number] of Respondent's response brief." The Court may disregard any admissibility objections that are not fleshed out thoroughly, with citations to authority, in a properly cited portion of the respondent's brief.

If an individually numbered response claims the movant's fact is immaterial, the response must do so in a single sentence and then, if necessary, cite to any specific pages of respondent's response brief that address the issue further.

The respondent must copy and paste a movant's asserted fact (including any supporting citations) immediately before the respondent's corresponding response so that the Court may efficiently review the asserted facts and responses together in a single document.

3. Reply in Support of Statement of Undisputed Facts

If a response to a movant's statement of undisputed facts claims evidence directly refutes any of the movant's facts, movant must file a separate reply addressing only the purportedly refuting facts on which the respondent relies. This reply document must contain individually numbered, concise, nonargumentative replies corresponding to each purportedly refuting fact. Each numbered reply must (1) object on admissibility grounds, (2) point out that respondent's cited evidence does not support the purportedly refuting fact, (3) point out that respondent's fact does not refute the movant's fact, (4) point out that respondent's fact is otherwise immaterial, (5) point out that respondent's presentation of the fact does not otherwise comply with Local Rule 56.1 or this standing order, or (6) concede that the Court may consider the fact at summary judgment. These are the only permissible replies. A reply in support of a statement of undisputed facts is not the place to introduce new facts or to offer substantive legal arguments or lengthy commentaries on the evidence. The Court may disregard *in full* any individually numbered reply that fails to comply with these instructions.

To the extent a movant objects on admissibility or materiality grounds, the movant must do so in the manner required by Section l(2) of this standing order (a single sentence citing to the brief, if applicable). If movant claims the respondent's fact does not refute the movant's fact, the movant must do so in a single sentence and then, if necessary, cite to any specific pages of the movant's brief that address the issue further. The Court may disregard any admissibility objections that are not fleshed out thoroughly, with citations to authority, in a properly cited portion of the movant's brief.

The movant's reply document must contain all of movant's individually numbered facts, respondent's corresponding responses, and movant's replies (including any supporting citations) in numerical order (Fact 1, Response 1, Reply 1; Fact 2, Response 2, [no reply]; Fact 3, Response 3, Reply 3, etc.) so that the Court may efficiently review all facts, responses, and replies together in a single document.

4. Statement of Additional Facts

Local Rule 56.1(B)(2)(b) says a respondent may file a statement of additional facts that are material and present a genuine issue for trial. This statement must meet the requirements applicable to a movant's statement of undisputed facts as set forth above (separate, concise, one fact per numbered paragraph, specific record citations for each fact). LR 56.1(B)(2)(b), NDGa.

A statement of additional facts is not a substitute for a response to the movant's statement of undisputed facts, may not be used to refute any facts asserted in the movant's statement, and may not repeat any refuting facts set forth in a response to the movant's statement of undisputed facts. Respondent may use a statement of additional facts only to introduce material facts that do not directly refute the movant's facts.

5. Response to Statement of Additional Facts

Local Rule 56.1(B)(3) says the movant must respond in a separate document to a respondent's statement of additional facts. Each individually numbered response must (1) object on admissibility grounds, (2) point out that respondent's cited evidence does not support the asserted fact, (3) point out that the fact is not material, (4) point out that respondent's presentation of the fact does not otherwise comply with Local Rule 56.1, or (5) concede that the Court may consider the fact. LR 56.1(B)(3), NDGa. These are the only permissible responses. A movant's response is not the place to introduce new facts or to offer substantive legal arguments or lengthy commentaries on the evidence. The Court may disregard *in full* any individually numbered response that fails to comply with these instructions.

To the extent the movant objects on admissibility grounds or claims a fact is immaterial, the movant must do so in the manner required by Section l(2) of this standing order (a single sentence citing to the brief, if applicable). The Court may disregard any admissibility objections that are not fleshed out thoroughly, with citations to authority, in a properly cited portion of the movant's brief.

The movant must copy and paste respondent's asserted fact (including any supporting citations) immediately before the movant's corresponding response so that the Court may efficiently review the asserted facts and responses together in a single document.

6. Controlling Effect of the Parties' Individually Numbered Facts, Responses, and Replies as Written

In determining whether a fact asserted in a Local Rule 56.1 statement or response is cognizable at summary judgment, the Court will generally look only at the relevant individually numbered fact, the corresponding response, and, if applicable, the corresponding reply.

This means a party must ensure each individually numbered fact in its Local Rule 56.1 statement says exactly what the party wants the Court to consider at summary judgment. The party may not rely on the Court to modify an individually numbered fact based on the Court's own review of the evidence cited in support of that fact. The Court will evaluate the asserted fact as written and may decline to consider other facts embedded in the cited evidence, even if those facts are material or related to the asserted fact. For example, if a Local Rule 56.1 statement says "Defendant employed Plaintiff from 2020 through 2022" without specifically describing Plaintiff's job duties during that period—even if the cited evidence does describe them—the Court may refuse to supplement the assertion with this additional information, regardless of whether the additional information later proves material.

A party must take the same approach to its individually numbered responses/replies and, more generally, must ensure any response/reply to an asserted fact includes everything the party wants the Court to consider in connection with that fact (to the extent permitted by Local Rule 56.1 and this standing order). The party may not rely on the Court to look at a response/reply to one asserted fact to determine whether another asserted fact is cognizable at summary judgment, even if the facts are related and the response/reply could logically apply to both. The Court will evaluate each individually numbered fact and corresponding response/reply separately as written. For example, if a movant cites the

same evidence for two individually numbered facts but a respondent challenges the admissibility of that evidence only in response to the first fact, the Court may decline to consider that admissibility challenge when evaluating the second fact. Likewise, if the same evidence would contradict two individually numbered facts but respondent cites the evidence only in response to the first fact, the Court may decline to consider the evidence in determining whether the second fact is genuinely disputed.

7. Consequences of Noncompliance

The Court may disregard any Local Rule 56.1 filing (including a reply) or portion thereof that does not comply with *each* applicable requirement set forth in this standing order, including a filing or portion thereof that complies with all but one requirement. For example, the Court may disregard an individually numbered paragraph of a movant's statement of undisputed facts if the paragraph contains multiple facts, even if the paragraph is concise, includes specific record citations, and appears in a separate document. Or the Court may disregard a response to a movant's statement of facts if the response does not copy and paste the movant's facts immediately before respondent's corresponding responses, even if the response otherwise complies with this standing order. The Court may also disregard an individually numbered response to a movant's asserted fact if the response does not separate out multiple refuting facts into individually numbered subparts. These examples are illustrative, not exhaustive.

The Court may deem admitted or cognizable any individually numbered facts to which the opposing party does not file a compliant response or, if applicable, a compliant reply.

The Court may disregard a movant's asserted facts to the extent the movant does not present them in a compliant statement of undisputed facts. The Court may disregard a respondent's facts or evidence if they contradict a movant's individually numbered fact and respondent does not present them in a compliant response. The Court may also disregard respondent's facts or evidence if they *don't* contradict a movant's individually numbered fact and respondent does not present them in a

compliant statement of additional facts. *See Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008).

8. Record Citations in Briefs

When the parties' summary judgment briefs cite to the record, they must cite only to the relevant paragraphs of the parties' Local Rule 56.1 statements, responses, and replies. The Court may disregard any citations that do not comply with this requirement (as well as the assertions improperly supported by such citations).

9. Court's Authority to Consider Other Evidence

The parties have the responsibility for marshaling facts and evidence in support of their respective positions in accordance with Local Rule 56.1 and this standing order. Failure to do so may result in the consequences described above, including exclusion or consideration of the parties' facts and evidence. The Court may, however, "consider other materials in the record," including materials not presented in compliance with Local Rule 56.1 or this standing order. Fed. R. Civ. P. 56(c)(3). The Court is under no obligation to do so and neither party may object to the Court's decision to do so, since both parties may introduce any facts they deem necessary via the process described above.

10. No-Evidence Arguments

A summary judgment movant without the burden of proof on a claim cannot satisfy its initial burden by merely saying "no evidence" supports a specific element of that claim. "[I]t is never enough simply to state that the nonmoving party cannot meet its burden at trial." *United States v. Four Parcels of Real Prop. in Greene & Tuscaloosa Cntys.*, 941 F.2d 1428, 1438 n.19 (11th Cir. 1991). "Instead, the moving party must point to specific portions of the record in order to demonstrate that the nonmoving party cannot meet its burden of proof." *Id.*

**m. Requests for Oral Argument on Motions**

In accordance with Local Rule 7.1E, motions are usually decided without oral argument, but the Court will consider any request for a hearing. If a party requests oral argument, the party should specify the particular reasons argument may be helpful to the Court and what issues will be the focus of the proposed argument.

The Court is more likely to grant a request for oral argument on a contested substantive motion if the request states that a lawyer of less than five years out of law school will be chiefly responsible for conducting the oral argument, it being the Court's belief that new lawyers need more opportunities for court appearances than they usually receive. More senior attorneys may participate as necessary, but the junior attorney must have a lead role.

**n. FLSA Settlements**

The Court will not approve a FLSA settlement that bars plaintiff from disclosing his or her claims or the fact that those claims were ultimately resolved to his or her satisfaction.

**o. Materials Introduced in Court**

If a party introduces any exhibit, demonstrative, or other material during a courtroom proceeding, the party must provide one courtesy copy to Judge Brown and one courtesy copy to his law clerk.

**SO ORDERED** this 8th day of October, 2026.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE