**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **A.R.,**<br>*Plaintiff,*<br>v.<br>**Shiv Global Hotel, LLC,**<br>*Defendant.* | CIVIL ACTION FILE NO.<br>1:26-cv-06639-MLB |

# Defendant Shiv Global Hotel, LLC's Partial Motion to Dismiss

Defendant Shiv Global Hotel, LLC moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Count II of the Complaint in its entirety, and to dismiss Count I to the extent it asserts that Shiv itself violated 18 U.S.C. § 1591.[1]

Count II should be dismissed in its entirety as untimely, and its *per se* claim fails for an independent reason as well. It is labeled "Nuisance," but it contains two discrete claims. The first is a claim for public nuisance, which seeks damages for Plaintiff's own special injury under O.C.G.A. § 41-1-3. The second is a claim for nuisance *per se* under O.C.G.A. § 41-3-1.

Both claims are barred by the statute of limitations. Count II seeks damages for injury to Plaintiff's person and is governed by the two-year

[1] Shiv does not move at this time to dismiss Count I insofar as it asserts beneficiary liability under 18 U.S.C. § 1595(a). Shiv reserves all defenses to that claim.

statute in O.C.G.A. § 9-3-33. The Complaint alleges that Plaintiff was 16 years old in October 2016 and that her last injury at the hotel occurred on November 2, 2016. Even giving Plaintiff the full benefit of the tolling provisions in O.C.G.A. §§ 9-3-90(b) and 9-3-99, the limitations period expired no later than November 2, 2024. Plaintiff filed this action on October 30, 2026. It is apparent from the face of the Complaint that Count II is time-barred.

The nuisance *per se* claim fails for a second reason. Chapter 3 of Title 41 provides that a nuisance "may be enjoined or otherwise abated as provided in this chapter." O.C.G.A. § 41-3-1(a) (2016). *See also* O.C.G.A. § 41-3-2 (authorizing an action in the name of the State "to enjoin said nuisance perpetually," with temporary and interlocutory injunctive relief available under O.C.G.A. § 9-11-65). It gives a private plaintiff no claim for damages. That is true even when a private citizen brings the action. O.C.G.A. § 41-3-2. Plaintiff seeks damages, not an injunction or abatement. The nuisance *per se* claim fails to state a claim regardless of its timeliness.

Count I asserts a claim under the Trafficking Victims Protection Reauthorization Act. In part, it alleges that Shiv itself violated 18 U.S.C. § 1591. The Complaint pleads no facts showing that Shiv knew, or recklessly disregarded, that Plaintiff was a minor who would be caused to engage in a commercial sex act or that force, fraud, or coercion would

be used to cause her to do so. To the extent Count I rests on Shiv's own violation of § 1591, it fails to state a claim.

This motion is supported by the accompanying brief, which is incorporated by reference.

Respectfully submitted this 25th day of November 2026.

**Hawkins Parnell & Young, LLP**

*/s/ C. Shane Keith*
C. Shane Keith
Georgia Bar No. 411317
skeith@hpylaw.com
Robert S. Thompson
Georgia Bar No. 709650
rthompson@hpylaw.com
*Counsel for Defendant*
*Shiv Global Hotel, LLC*

303 Peachtree Street NE
Suite 4000
Atlanta, Georgia 30308
T: (404) 614-7400
F: (855) 889-4588

## Certificate of Service

I certify that on November 25, 2026, my office electronically filed the foregoing ***Defendant Shiv Global Hotel, LLC's Partial Motion to Dismiss*** with the Clerk of Court using the CM/ECF system. The system will automatically send notice of the filing to all counsel of record.

*/s/ C. Shane Keith*
C. Shane Keith
Georgia Bar No. 411317
skeith@hpylaw.com