IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **A.R.,**<br>*Plaintiff,*<br>v.<br>**Shiv Global Hotel, LLC,**<br>*Defendant.* | CIVIL ACTION FILE NO.<br>1:26-cv-06639-MLB |

# Defendant Shiv Global Hotel, LLC's Brief in Support of its Partial Motion to Dismiss

**Hawkins Parnell & Young, LLP**

C. Shane Keith
Georgia Bar No. 411317
skeith@hpylaw.com
Robert S. Thompson
Georgia Bar No. 709650
rthompson@hpylaw.com
*Counsel for Defendant*
*Shiv Global Hotel, LLC*

303 Peachtree Street NE
Suite 4000
Atlanta, Georgia 30308
T: (404) 614-7400
F: (855) 889-4588

## Introduction

Plaintiff alleges that she was trafficked for sex at a hotel in Lithonia, Georgia, for several weeks in the fall of 2016. Her last alleged injury there occurred, at the latest, on November 2, 2016. She filed this action on October 30, 2026.

Count II seeks damages for those injuries under a nuisance theory. It is a claim for injury to the person, and Georgia allows two years to bring such claims. Georgia's tolling statutes extend that period for minors and for victims of crime, and Shiv concedes for purposes of this motion that Plaintiff is entitled to the benefit of both. Even so, the last day on which Count II could have been filed was November 2, 2024. The Complaint came nearly two years too late.

Plaintiff will rely on a statement, traced through a single line of cases, that a public nuisance claim is not subject to a statute of limitations. That statement began as a rule of prescription: no one can acquire, by the passage of time, a right to maintain a public nuisance. It has never meant that an individual may wait indefinitely to sue for her own injuries. The Supreme Court of Georgia has applied a statute of limitations to individual nuisance claims for more than a century and has never held that such a claim is exempt.

Count II also purports to plead a theory of "nuisance *per se*" under a statute that provides only for an injunction or abatement, in an action brought in the name of the State. It gives a private plaintiff no claim for

damages. That theory fails whether or not the claim is timely. Count II should be dismissed.

Count I should be narrowed as well. It asserts a claim under the Trafficking Victims Protection Reauthorization Act, and in part it alleges that Shiv itself violated 18 U.S.C. § 1591 by harboring Plaintiff. (Compl. ¶¶ 62–63, 74.) A claim of that kind requires facts showing that the defendant knew, or recklessly disregarded, that the plaintiff was a minor, or that force, fraud, or coercion would be used, to cause her to engage in a commercial sex act. The Complaint pleads no such facts. To the extent Count I rests on Shiv's own alleged violation of § 1591, it should be dismissed.

## **Statement of Facts**

The following facts are taken from the Complaint and are accepted as true only for purposes of this motion.

Plaintiff alleges that Shiv owned and operated the Knights Inn at 2859 Panola Road in Lithonia, Georgia. (Compl. ¶¶ 1, 3, 12.) Plaintiff alleges that she was 16 years old "[d]uring October 2016," when she met a man while working at Stonecrest Mall. (*Id.* ¶ 15.) He took her to the hotel. (*Id.* ¶ 16.)[1] She alleges that he sold her for sex there "[d]uring a multiple week period beginning in October 2016." (*Id.* ¶ 17; *see also id.* ¶ 1 ("During October and November 2016").) She alleges that she was 16

[1] The Complaint defines "Hotel" to mean Shiv itself. (Compl. ¶ 2.) This brief uses "the hotel" to refer to the property.

throughout. (*Id.* ¶ 11 ("A.R. was a 16-year minor at the time of her sex trafficking alleged herein.").)

The alleged trafficking ended on November 2, 2016. On that date Plaintiff "was ultimately rescued at the Knights Inn in an undercover police sting operation." (*Id.* ¶ 27.) Her trafficker was arrested at the hotel. He "eventually plead guilty to the felony of pimping a child under the age of 18 years old and received a 10[-]year sentence." (*Id.* ¶ 28.)

The Complaint alleges no contact between Plaintiff and the hotel, and no injury to Plaintiff at the hotel, after November 2, 2016.

Plaintiff filed this action on October 30, 2026. (Compl. at pp. 1, 33.) Count I asserts a claim under the Trafficking Victims Protection Reauthorization Act. (*Id.* ¶¶ 59–75.) Count II asserts a claim for nuisance under Georgia law. (*Id.* ¶¶ 76–89.)

The Complaint invokes no tolling provision and does not allege when her trafficker's prosecution became final.

Count I alleges that Shiv "participated in a Hotel venture and *knew or should have known* that its operation of the Hotel violated the TVPRA by harboring and falsely imprisoning Plaintiff so that she could be sold for sex at the Hotel[.]" (Compl. ¶ 62 (emphasis added).) It alleges that Shiv participated in a venture "by actively cooperating with, accepting bribes from, serving as a lookout for, and allowing Plaintiff's sex trafficker to harbor, falsely imprison, and traffic Plaintiff at the Hotel." (*Id.* ¶¶ 62–63.)

It alleges that Plaintiff "suffered injuries as a result of Defendant's violations of 18 U.S.C. § 1591[.]" (*Id.* ¶ 74.)

The Complaint alleges that hotel staff rented Plaintiff's trafficker a room at the back of the property, that employees frequently saw Plaintiff, and that her trafficking "was observed by the Hotel employees, who also participated with the trafficker in allowing the trafficking to continue." (*Id.* ¶¶ 17–18, 21.) It alleges that Plaintiff "exhibited numerous well-known and visible signs of a sex trafficking victim, of which Defendant and the other Hotel employees knew or should have known," including "Plaintiff's young age." (*Id.* ¶ 23.) It does not identify any employee who accepted a bribe from or acted as a lookout for Plaintiff's trafficker or describe any payment or warning involving him.

Count II alleges that the hotel was a "public nuisance and/or *per se* public nuisance." (*Id.* ¶¶ 81–89.) It does not allege a private nuisance. Plaintiff alleges that she "suffered damages to her health, including mental and emotional harm, pain and suffering" (*id.* ¶ 84), and she seeks damages for "[p]ersonal injuries," pain and suffering, and mental anguish (*id.* ¶ 91).

## Legal Standard

On a motion to dismiss, the Court accepts the factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Doe v. Red Roof Inns, Inc.*, 21 F.4th 714, 723 (11th Cir. 2021). The complaint must allege facts that, accepted as true, "state a claim to

relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). The Court accepts the complaint's factual allegations, but not its conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Iqbal*, 556 U.S. at 678). The same rule applies to allegations of a defendant's state of mind. Rule 9(b) permits knowledge to be "alleged generally," but "'generally' is a relative term," and Rule 9(b) "does not give [a plaintiff] license to evade the less rigid—though still operative—strictures of Rule 8." *Iqbal*, 556 U.S. at 686–87.

The statute of limitations is an affirmative defense, and a plaintiff is not required to negate it in her complaint. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). A Rule 12(b)(6) dismissal on limitations grounds is appropriate when it is "apparent from the face of the complaint" that the claim is time-barred. *Id.*

That standard is met here. Shiv relies only on the facts the Complaint pleads, uses the latest dates those facts permit, and assumes the full six years of crime-victim tolling.

## Argument

### I. Count II is barred by the statute of limitations.

#### *A. Count II is an action for injuries to the person, and the two-year statute governs it.*

Georgia's limitations period for personal injury is two years. O.C.G.A. § 9-3-33. The statute turns on the injury, not the name of the claim. In *Daniel v. American Optical Corp.*, the plaintiff argued that his strict liability claim had no limitations period because the statute creating it contained none. 251 Ga. 166, 167 (1983). The Supreme Court of Georgia disagreed: § 9-3-33 "is a traditional general statute of limitations," and its scope "is determined by the nature of the injury sustained rather than the legal theory underlying the claim for relief." *Id.* at 168. The same court applied § 9-3-33, with minority tolling, to a childhood sexual abuse survivor's non-nuisance tort claims in *Doe v. St. Joseph's Catholic Church*, 313 Ga. 558, 558 & n.2 (2022). Count II seeks damages only for injury to Plaintiff's person, including "mental and emotional harm, pain and suffering." (Compl. ¶ 84.) It seeks no relief for injury to property and no abatement or injunction. The two-year statute governs it.

#### *B. On the face of the Complaint, Count II expired no later than November 2, 2024.*

Plaintiff's claim accrued no later than November 2, 2016, the last day she alleges she was at the hotel. (Compl. ¶ 27.) Two tolling statutes

potentially apply.[2] Giving Plaintiff the full benefit of both, the claim expired no later than November 2, 2024.[3]

*Accrual.* "On a tort claim for personal injury the statute of limitation generally begins to run at the time damage caused by a tortious act occurs, at which time the tort is complete." *Everhart v. Rich's, Inc.*, 229 Ga. 798, 801 (1972).

*Minority.* A person who is under 18 when her claim accrues "shall be entitled to the same time after he or she reaches the age of 18 years to bring an action as is prescribed for other persons." O.C.G.A. § 9-3-90(b). Plaintiff alleges that she was 16 during October 2016. (Compl. ¶ 15.) She therefore turned 18 no later than October 31, 2018.[4] Under § 9-3-90(b), her two years ended no later than October 31, 2020.

---

[2] The separate limitations period for actions arising from childhood sexual abuse, O.C.G.A. § 9-3-33.1, does not apply to a claim that seeks to hold a defendant accountable for failing to protect a minor from abuse committed by others, rather than for the defendant's own direct or *respondeat superior* liability for the abuse. *B.W. v. G6 Hosp. Prop. LLC*, No. 1:24-CV-00195-JPB, 2025 U.S. Dist. LEXIS 259229, at *17 (N.D. Ga. Feb. 11, 2025); *T.S. v. Gateway, Inc.*, No. 1:25-cv-5444-MHC, slip op. at 19–20 (N.D. Ga. Apr. 15, 2026); *see also McArthur v. Beech Haven Baptist Church of Athens*, 368 Ga. App. 525, 534 (2023). Count II alleges liability for Shiv's "failure to remedy the dangerous condition of prostitution and sex trafficking" at the hotel. (Compl. ¶ 89.)

[3] November 2, 2024 was a Saturday. If the period ran through Monday, November 4, 2024, the result is the same.

[4] The Complaint does not plead Plaintiff's date of birth. It pleads that she was 16 "[d]uring October 2016." (Compl. ¶ 15.) A person who was 16 at any point in October 2016 turned 18 no later than October 31, 2018.

*Crime-victim tolling*. Georgia also tolls the limitations period for a tort claim brought by the victim of a crime, where the claim arises out of the facts and circumstances of the crime. O.C.G.A. § 9-3-99. The period is tolled "from the date of the commission of the alleged crime or the act giving rise to such action in tort until the prosecution of such crime or act has become final or otherwise terminated, provided that such time does not exceed six years, except as otherwise provided in Code Section 9-3-33.1." *Id.*

Georgia courts apply a statute as it is written. A court presumes "that the General Assembly meant what it said and said what it meant," and "if the statutory text is clear and unambiguous, [the courts] attribute to the statute its plain meaning, and [the] search for statutory meaning is at an end." *Star Residential, LLC v. Hernandez*, 311 Ga. 784, 785 (2021) (quoting *Deal v. Coleman*, 294 Ga. 170, 172–73 (2013)).

The statute fixes both ends of the tolling period. Tolling begins on "the date of the commission of the alleged crime or the act giving rise to such action in tort," ends when the prosecution ends, and in no event may "such time" exceed six years. O.C.G.A. § 9-3-99.

The Supreme Court of Georgia reads the statute the same way. Section 9-3-99 "applies to all defendants so long as the crime victim brings a tort action arising out of the facts and circumstances relating to the commission of such alleged crime within six years, with certain exceptions not applicable here." *Armstrong v. Cuffie*, 311 Ga. 791, 796

(2021). In *Armstrong* the prosecution ended on November 2, 2011, and the court held that the two-year period for the underlying tort claim "expired on November 2, 2013." *Id.*

The last crime alleged against Plaintiff, and the last act that could possibly give rise to her claim, occurred on November 2, 2016, the day she claims that she was rescued from the hotel. (Compl. ¶ 27.) The longest period of tolling § 9-3-99 allows therefore ended on November 2, 2022. For purposes of this motion Shiv assumes that Plaintiff is entitled to all six years, without regard to when her trafficker's prosecution actually ended.

On that assumption, the two-year period began to run on November 2, 2022, and expired on November 2, 2024.[5] Plaintiff had turned 18 years earlier, so § 9-3-90(b) adds nothing to that date.

---

[5] The Supreme Court of Georgia's 2020 judicial emergency orders do not change the result either. Those orders excluded, at most, "[t]he 122 days between March 14 and July 14, 2020" from the calculation of a limitation period. Fourth Order Extending Declaration of Statewide Judicial Emergency § II(A)(10) (Ga. July 10, 2020); *see Leggat v. Navicent Health, Inc.*, 369 Ga. App. 731, 734–36 (2023). During that period, Plaintiff's limitations period was already tolled under § 9-3-99. Shiv has found no authority adding the orders' tolling to a period already tolled by another statute, and for the reasons stated in note 6, *infra*, it does not concede that tolling periods run consecutively. But even if Plaintiff received all 122 days on top of every other period, her claim would have expired on March 6, 2025, 122 days after Monday, November 4, 2024, and nearly twenty months before she filed suit.

Thus, under either O.C.G.A. § 9-3-90(b) or § 9-3-99, the latest this claim could have been timely asserted was November 2, 2024.[6] This lawsuit was filed nearly two years later and, on the face of the Complaint, Plaintiff's nuisance claim should be dismissed as time-barred.

### C. *Pleading the nuisance as "public" does not exempt Count II from the statute of limitations.*

Plaintiff will likely argue that none of this matters because a public nuisance claim has no limitations period. One decision of another judge on this Court has so held. *Roseberry v. Studio 6 Delk Rd., LLC*, 815 F. Supp. 3d 1325, 1337–38 (N.D. Ga. 2025).[7] A second said so in a footnote, before

---

[6] The two statutes run from different starting points, and neither adds its period to the other's. Where both apply, the two-year limitations period begins when the later one ends. *See T.S.*, slip op. at 2, 18 (eight years from the crime for a sixteen-year-old); *B.W.*, 2025 U.S. Dist. LEXIS 259229, at *2, *16 (same, seventeen-year-old). When the General Assembly wants tolling periods added together, it says so. *See* O.C.G.A. § 17-3-2.2 ("In addition to any periods excluded pursuant to Code Section 17-3-2 ...."). And courts count overlapping periods once. *See United States v. Godoy*, 821 F.2d 1498, 1503 (11th Cir. 1987) (overlapping Speedy Trial Act exclusions "may be excluded only once"); *cf. Mercer's Lessee v. Selden*, 42 U.S. (1 How.) 37, 53, 55 (1843) (coexisting disabilities run until the party "has survived them all," under "the rule of law, which does not admit of cumulative disabilities") (internal quotation marks omitted).

[7] Notably, *Roseberry* did not decide whether the nuisance alleged there was public. The defendants did not contest the point, and the court assumed it "solely for the purposes of Defendants' motion to dismiss," taking "no position on whether the Motel was, in fact, a public or private nuisance." *Roseberry*, 815 F. Supp. 3d at 1337 n.8. Shiv does not concede that the nuisance Plaintiff alleges is public. A public nuisance is one that "damages all persons who come within the sphere of its operation."

holding all of the plaintiff's claims timely under § 9-3-99. *T.S.*, slip op. at 15 n.3.[8] Shiv respectfully submits that those decisions do not reflect Georgia law, and they do not bind this Court. *See Cornett v. Carrithers*, 465 F. App'x 841, 844 (11th Cir. 2012) ("[T]he opinions of fellow jurists sitting in the same district court, while instructive, are not binding."); *Fox v. Acadia State Bank*, 937 F.2d 1566, 1570 (11th Cir. 1991) ("A district court is not bound by another district court's decision, or even an opinion by another judge of the same district court….").

*Roseberry* did not examine where the rule came from. It relied on three decisions of the Georgia Court of Appeals, and they trace to a single source: a decision of the Supreme Court of Georgia about whether long use had created an easement. In the first, the statement was unnecessary to the result, because the court held that the nuisance was not public. *Davis v. City of Forsyth*, 275 Ga. App. 747, 750 (2005). The second and third

---

O.C.G.A. § 41-1-2. While Plaintiff alleges both community-wide harm and an injury particular to her (Compl. ¶¶ 81–84), the question need not be decided on this motion. Even if the alleged nuisance is public, Count II is a claim for injury to Plaintiff's person, and it is subject to the two-year statute for the reasons stated in this brief.

[8] *T.S.* did not turn on that statement. The plaintiff pleaded both public and private nuisance, and the court noted that the statement did not reach the private claim. *T.S.*, slip op. at 6, 15 n.3. The court then declined to dismiss any of her state-law claims, both nuisance claims included, under O.C.G.A. § 9-3-99. Id. at 18–20. *T.S.*'s footnote 3 was unnecessary to that result. So even if *T.S.* bound this Court, that footnote would not. *See A.G. v. Northbrook Indus., Inc.*, 171 F.4th 1257, 1270 (11th Cir. 2026) (declining to follow "non-binding dicta").

have been vacated. *Doe v. St. Joseph's Catholic Church*, 357 Ga. App. 710 (2020), *vacated*, 365 Ga. App. 331 (2022);[9] *McArthur v. Beech Haven Baptist Church of Athens*, 361 Ga. App. 877 (2021), *vacated*, No. S22C0499 (Ga. Aug. 23, 2022) (vacating the judgment "and remand[ing] for reconsideration in light of this Court's subsequent decision in *Doe v. St. Joseph's Catholic Church*"). When the Court of Appeals decided *McArthur* again on remand, it affirmed dismissal of the nuisance claim because the nuisance was not public, and it did not repeat the statement. *McArthur v. Beech Haven Baptist Church of Athens*, 368 Ga. App. 525, 534–35 (2023).

Three points show that the rule does not reach Count II.

**1. <u>The rule is a rule of prescription that protects the public.</u>**

The statement that limitations does not run against a public nuisance comes from Georgia's prescription cases. The question in those cases was whether a defendant who had maintained a nuisance long enough could acquire a right to keep maintaining it.

The rule first appears in a concurrence: "The rule that the statute of limitations does not run in favor of a nuisance, only applies to public nuisances, and grows out of the impropriety of imputing laches to the public." *Phinizy v. City Council of Augusta*, 47 Ga. 260, 268–69 (1872)

[9] The Court of Appeals vacated its opinion in *Doe* after the Supreme Court of Georgia reviewed the case. *Doe v. St. Joseph's Catholic Church*, 365 Ga. App. 331, 331 (2022) ("We therefore vacate our earlier opinion and adopt the opinion of the Supreme Court as our own."). The Supreme Court did not reach the nuisance claim. *Doe*, 313 Ga. at 559 n.3.

(McCay, J., concurring). The Supreme Court of Georgia later relied on that distinction in explaining why prescription can apply to a private, but not a public, nuisance, because "one can not prescribe against the public." *Watkins v. Pepperton Cotton Mills*, 162 Ga. 371, 374 (1926). And in *Anneberg v. Kurtz*, the Court held that a defendant can acquire a prescriptive right to maintain a private nuisance, but not a public one. 197 Ga. 188, 193–94 (1944).

*Anneberg* is the case *Davis* cited, and *Davis* itself described it as "discussing the issue of prescriptive rights." 275 Ga. App. at 750 n.19. The statement *Roseberry* relied on, thus, traces to a prescription rule, and the Court of Appeals recognized as much when it first repeated the statement.

The rule therefore concerns the wrongdoer's side of the clock. Time does not run "in favor of" a public nuisance, because the public cannot be charged with sleeping on its rights. The Supreme Court held that no such prescription arises, the nuisance remains unlawful, and the State may abate it, however long it has existed.

*Phinizy* itself shows the distinction. Justice McCay was considering whether Augusta had acquired an easement to discharge water across private land. 47 Ga. at 268–70 (McCay, J., concurring). Chief Justice Warner addressed the injured owner's side, explaining that a continuing nuisance gives the owner "a new cause of action, from day to day, so long as the nuisance continues to exist." *Id.* at 266–67. A cause of action that

arises accrues, and a claim that accrues has a limitations period that runs from that day. Chief Justice Warner treated each injury as its own claim, accruing on its own day and prosecuted on its own. Nothing in his opinion suggests that the owner could wait as long as he liked to sue for any of them.

Turning to the operative question here, Plaintiff is not the public and Count II is not an action to abate or enjoin. Georgia law keeps the two apart. "A public nuisance generally gives no right of action to any individual. However, if a public nuisance in which the public does not participate causes special damage to an individual, such special damage shall give a right of action." O.C.G.A. § 41-1-3. The individual's right of action arises from her own special damage. It is her claim, for her injury.

The Supreme Court of Georgia treats the special-damage requirement as a rule of standing. A plaintiff suing over a public nuisance must allege "a 'special' or 'extraordinary' damage not common to the rest of the public." *Sons of Confederate Veterans v. Henry County Bd. of Comm'rs*, 315 Ga. 39, 60 n.17 (2022). The rule derives from the common law and has been codified, without material change, since 1863. *Id.* Absent special damage, a private person cannot sue even to enjoin or abate a public nuisance. *Id.* (quoting *Coast Line R. Co. v. Cohen*, 50 Ga. 451, 461 (1873)). The right of action § 41-1-3 gives an individual is a right to recover for her own injury. It is not the public's right, and nothing in the prescription cases exempts it from the statute that governs injuries to the person.

The Supreme Court of Georgia drew the same line in the decision Plaintiff cites in her Complaint for her *per se* theory. (Compl. ¶ 87.) *Brindle v. Copeland*, 145 Ga. 398 (1916), was a suit by the solicitor-general, in the name of the State, to abate a lewd house. The court held that testimony about one neighbor's lost rent should have been excluded, because the action was "instituted in the name of the State to abate a public nuisance, while this testimony tended to show the injurious effect of the alleged public nuisance to one individual." *Id.* at 398. *See also Edison v. Ramsey*, 146 Ga. 767, 768 (1917) ("Generally a public nuisance gives no right of action to any individual, but must be abated by a process instituted by the State.").

A rule that exists to protect the public's right to abate has nothing to say about how long an individual may wait to sue for her own injuries. Applying the statute of limitations to Plaintiff imputes nothing to the public and leaves the public's rights where they were.

**2. <u>The Supreme Court of Georgia applies a limitations period to an individual's nuisance claim.</u>**

The Supreme Court has addressed when an individual's nuisance claim accrues many times. Its answer depends on the kind of nuisance. A permanent nuisance, "the destruction or damage being at once complete upon the completion of the act by which the nuisance is created," gives rise to a single claim that accrues on its creation. *City Council of Augusta v. Lombard*, 101 Ga. 724, 727 (1897). For a continuing nuisance, "every

continuance of the nuisance is a fresh nuisance," and the statute "runs only from the time of such accrual." *Id.* Where a structure harmless in itself causes injury later, the statute runs "from the time when the special injury is occasioned." *Id.* at 728; *Wise Bus. Forms, Inc. v. Forsyth County*, 317 Ga. 636, 642 (2023).

Every one of those rules starts a limitations period. None of them holds that the period never starts or that there is not a period at all. Plaintiff's claim accrued under any of these rules no later than November 2, 2016, the last day she alleges she was injured at the hotel. *Lombard* makes the point concrete: a landowner could recover for injuries "within four years preceding the bringing of the action, although the dam may have remained unchanged for twenty years." 101 Ga. at 728.

**3. <u>No Georgia appellate court has held otherwise.</u>**

Shiv has found no decision of the Supreme Court of Georgia or the Court of Appeals holding that an individual's claim for personal injury damages from a public nuisance is free of any limitations period. In *Davis* the statement was unnecessary to the decision. The opinions in *Doe* and *McArthur* that repeated it have been vacated, and the plaintiffs in both lost their nuisance claims.

A federal court applying Georgia law follows the Supreme Court of Georgia, and it follows the Court of Appeals unless there is "convincing evidence that the highest court of the state would decide differently."

*Mendez v. Wal-Mart Stores E., LP*, 67 F.4th 1354, 1359 (11th Cir. 2023) (quoting *Stoner v. N.Y. Life Ins. Co.*, 311 U.S. 464, 467 (1940)).

There is no intermediate appellate holding to follow here. The statement in *Davis* was *dicta*,[10] and the opinions in *Doe* and *McArthur* that repeated it have been vacated.[11] The Supreme Court of Georgia's decisions point the other way. They tie the no-limitations language to prescription, and they measure an individual's nuisance claim from the injury for which she seeks recovery. Georgia's prescription cases explain why time cannot legalize a public nuisance. They do not decide how long an individual has to sue for injuries that nuisance caused her years ago.

---

[10] *Davis* held that the nuisance there was not public. 275 Ga. App. at 750. Its statement about limitations was therefore "not necessarily involved nor essential to determination of the case," and is *dicta. Zepp v. Brannen*, 283 Ga. 395, 397 (2008) (citation omitted). "[*D*]*icta* is not binding on anyone for any purpose." *Alexander v. State,* 313 Ga. 521, 529 (2022) (quoting *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1298 (11th Cir. 2010)); *see also A.G.*, 171 F.4th at 1270 (declining to follow "non-binding *dicta*" in *Doe v. Red Roof Inns, Inc.*).

[11] A vacated opinion has "no precedential value." *Cash in Advance of Fla., Inc. v. Jolley*, 272 Ga. App. 282, 284 (2005); *see United States v. Sigma Int'l, Inc.*, 300 F.3d 1278, 1280 (11th Cir. 2002) (en banc) (vacated opinions are "officially gone" and have "no legal effect whatever"). Nor do *Doe* and *McArthur* carry persuasive weight here. Each repeated the statement without analysis and traced it to the dicta in *Davis*.

Under any accrual rule, and with every tolling statute applied, Count II expired no later than November 2, 2024. This suit was filed nearly two years later. Count II is time-barred and should be dismissed.[12]

## II. Count II fails to state a claim for nuisance *per se*, because Chapter 3 of Title 41 provides no private damages remedy.

Count II fails in part for a second reason, which does not depend on the statute of limitations. Plaintiff alleges that the hotel was a "statutory nuisance *per se*" under O.C.G.A. § 41-3-1. (Compl. ¶¶ 80, 85–87.) That statute gives her no claim for damages.

Chapter 3 of Title 41 is an abatement statute. As it read in 2016, when the conduct in the Complaint allegedly occurred, § 41-3-1 provided that a building, structure, or place "used for the purpose of lewdness, prostitution, sodomy, the solicitation of sodomy, or masturbation for

---

[12] The rule Plaintiff needs would have no outer limit. Statutes of limitation "are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Allrid v. Emory Univ.*, 249 Ga. 35, 39 (1982) (citation and internal quotation marks omitted). Under Plaintiff's rule, a person injured on any property could sue decades later, after the witnesses, the records, and often the owners were gone. The Supreme Court of Georgia has refused to adopt a limitations rule that would "subject the defendants to potentially infinite liability." *Miles v. Ashland Chem. Co.*, 261 Ga. 726, 728 (1991). And the General Assembly has drawn careful lines here: it capped crime-victim tolling at six years, O.C.G.A. § 9-3-99, and set a separate period for childhood sexual abuse claims, O.C.G.A. § 9-3-33.1. Calling the same injury a public nuisance should not let a plaintiff step around those limits.

hire," and its contents, "are also declared to be a nuisance and may be enjoined or otherwise abated as provided in this chapter." O.C.G.A. § 41-3-1(a) (2016). The action the chapter provides is one "in the name of the state" to "enjoin said nuisance perpetually," with a temporary restraining order or interlocutory injunction available while the action is pending. O.C.G.A. § 41-3-2. The only money judgment it mentions is a $300 judgment entered when a permanent injunction issues. It issues in the name of the State and is paid into the county treasury. O.C.G.A. § 41-3-10(a)–(c). No provision of the chapter gives an injured individual a right to damages.[13]

The Supreme Court of Georgia has refused to find a damages remedy in a statute written this way. The Georgia Street Gang Terrorism and Prevention Act declares that property used for gang activity "shall constitute a public nuisance and may be abated." *Star Residential*, 311 Ga. at 785 (quoting O.C.G.A. § 16-15-7(a)). A man shot at his apartment complex sought treble and punitive damages from its owner and

---

[13] Statutes are cited in their current form unless marked "(2016)." Where the relevant text has changed since October and November 2016, when the conduct alleged in the Complaint occurred, Shiv cites the 2016 version and so indicates. The Complaint quotes the post-2019 version of § 41-3-1. (Compl. ¶ 80.) To the extent Plaintiff relies on current subsection (e), its provisions "are cumulative of any other remedies and shall not be construed to repeal any other existing remedies for sexually related nuisances." O.C.G.A. § 41-3-1(e). That language preserves remedies under other laws. It does not create one. Plaintiff's claim for special damage under O.C.G.A. § 41-1-3 is addressed in Part I.

operator under subsection (c) of that statute, relying on the public-nuisance declaration in subsection (a), and the Supreme Court reversed the denial of a motion to dismiss. *Id.* at 784, 791.

The court held that the provision "says nothing about civil damages" and "speaks only in terms of abatement of a public nuisance." *Id.* at 786. It would not "read beyond the plain language" of the statute "to create a private civil cause of action for nuisance damages under subsection (c) where none exists." *Id.* at 790.

Section 41-3-1 is the same kind of statute, and the same rule applies. It declares a public nuisance and provides for it to be enjoined or abated. It says nothing about individual personal-injury damages. Unlike the Gang Act, Chapter 3 allows a private citizen to bring the abatement action, but only in the name of the State and only to enjoin the nuisance. O.C.G.A. § 41-3-2. That difference does not create a damages remedy.

The decision Plaintiff cites does not help her. (Compl. ¶ 87.) *Brindle* was an abatement action brought by the solicitor-general in the name of the State. It held that a lewd house may be abated by injunction in such an action, involved no claim for damages, and treated evidence of individualized injury as irrelevant. 145 Ga. at 398.

To the extent Count II rests on O.C.G.A. § 41-3-1 or a theory of nuisance *per se*, it fails to state a claim and should be dismissed for that reason as well. What remains of Count II is a claim for damages for Plaintiff's own injuries, whether brought under O.C.G.A. § 41-1-3 for

special damage or framed as negligence *per se*. Either way, it is a claim for injury to the person, and it is barred by O.C.G.A. § 9-3-33 for the reasons stated in Part I.

### III. Count I fails to state a claim that Shiv itself violated 18 U.S.C. § 1591.

The TVPRA gives a trafficking victim a civil action against two kinds of defendants. One is "the perpetrator." The other is "whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." 18 U.S.C. § 1595(a) (2016); *Red Roof*, 21 F.4th at 723.

These are different claims with different mental states. A beneficiary may be liable on constructive knowledge. A perpetrator is one who has committed the crime, and the crime requires more.

Section 1591(a) is a criminal statute. Where the victim is a minor, it reaches one who "knowingly" harbors a person "knowing, or … in reckless disregard of the fact, … that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act." 18 U.S.C. § 1591(a).

Count I alleges in part that Shiv itself violated this statute. It alleges that Shiv's "operation of the Hotel violated the TVPRA by harboring and falsely imprisoning Plaintiff," and that Plaintiff was injured by "Defendant's violations of 18 U.S.C. § 1591." (Compl. ¶¶ 62, 74.) That is a

claim that Shiv is "someone who has violated the criminal statute," and it carries that statute's mental-state requirement, which "does not appear in Section 1595(a)." *Red Roof*, 21 F.4th at 724.

The Complaint does not plead the mental state that claim requires. A civil plaintiff must plead that knowledge or reckless disregard; the statutory provision that excuses proof of it applies only in a criminal prosecution. *Roseberry*, 815 F. Supp. 3d at 1333.

The Complaint pleads Shiv's knowledge in the alternative. It alleges that Shiv "knew or should have known" of the trafficking (Compl. ¶¶ 4(f), 4(i), 23, 62), or had "actual or constructive knowledge" of illegal activity (*id.* ¶ 42). It also alleges that employees saw Plaintiff, placed her trafficker's room at the back of the property, and "participated with the trafficker in allowing the trafficking to continue." (*Id.* ¶¶ 17–18.) Those allegations go to participation in a venture, the beneficiary theory Shiv does not challenge on this motion.

A perpetrator claim adds a further element. The defendant must know, or recklessly disregard, both that the victim was a minor and that she "will be caused to engage in a commercial sex act," or that force, threats of force, fraud, or coercion would be used to cause her to do so. 18 U.S.C. § 1591(a); *Roseberry*, 815 F. Supp. 3d at 1333. The Complaint's factual detail goes to commercial sex: buyers coming and going, used condoms in the room, a room at the back of the property. (Compl. ¶¶ 4(a)–(h), 17, 19.) But knowing that commercial sex is occurring is not

knowing that the person is a minor. On age, the Complaint says only that Plaintiff's "young age" was among the signs "of which Defendant and the other Hotel employees knew or should have known." (*Id.* ¶ 23.) On force or coercion, it says only that Shiv "knew or should have known" that its operation of the hotel violated the TVPRA "by harboring and falsely imprisoning Plaintiff." (*Id.* ¶ 62.) It alleges that employees frequently saw her (*id.* ¶ 21), but no fact showing that anyone at the hotel knew she was a minor or knew that force or coercion was being used against her. An allegation satisfied by constructive knowledge does not plead knowledge or reckless disregard, and Rule 9(b) does not relieve Plaintiff of the obligation to plead facts that make that state of mind plausible. *Iqbal*, 556 U.S. at 686–87.

The bribe and lookout allegations do not fill that gap. The Complaint alleges that Shiv participated in a venture by "accepting bribes from" and "serving as a lookout for" Plaintiff's trafficker. (*Id.* ¶¶ 62–63.) It identifies no employee who did either and describes no payment or warning involving her trafficker. Those allegations may support an inference that hotel employees knew commercial sex was occurring. They supply no fact showing that anyone at the hotel knew, or recklessly disregarded, that Plaintiff was a minor or that force or coercion was being used against her. Rule 9(b) does not change that. *Iqbal*, 556 U.S. at 686–87.

To the extent Count I asserts that Shiv itself violated 18 U.S.C. § 1591, it fails to state a claim and should be dismissed.

## **Conclusion**

The Court should grant Shiv's Motion.

Respectfully submitted this 25th day of November 2026.

**Hawkins Parnell & Young, LLP**

*/s/ C. Shane Keith*
C. Shane Keith
Georgia Bar No. 411317
Robert S. Thompson
Georgia Bar No. 709650
***Counsel for Defendant***
***Shiv Global Hotel, LLC***

303 Peachtree Street NE
Suite 4000
Atlanta, Georgia 30308
skeith@hpylaw.com
rthompson@hpylaw.com
T: (404) 614-7400
F: (855) 889-4588

## Certificate of Compliance

Under Local Rules 5.1(C) and 7.1(D), I certify that this brief (including all footnotes) was prepared in Book Antiqua, 13-point font.

/s/ *C. Shane Keith*
C. Shane Keith
Georgia Bar No. 411317

## Certificate of Service

I certify that on November 25, 2026, my office electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notice of the filing to all counsel of record.

/s/ *C. Shane Keith*
C. Shane Keith
Georgia Bar No. 411317